UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TAMARA SAMPLE, ) | CASE NO. 3:05 CV 7453 |
| ) | |
| Plaintiff, ) | CHIEF JUDGE JAMES G. CARR |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| LUCAS COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

On November 29, 2005, plaintiff pro se Tamara Sample filed this in forma pauperis action against the Lucas County Jail. The complaint alleges that Ms. Sample's son, Dwayne A. Smith, was found hanged to death in his cell at the Lucas County Jail. The complaint seeks the court's assistance "to help me prove my son did not kill himself, but was killed, and local officials covered up the incident ... ." For the reasons stated below, this action must be dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.  See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996).  While not unsympathetic to Ms. Sample's feelings concerning the death of her son, this court does not have authority to initiate an investigation into the incident.

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).